[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO OPEN JUDGMENT (NO. 141.00) DATED MAY 22, 1989
It is the plaintiff's claim that the defendant committed fraud at the time of the original trial and that this fraud was of such a nature as to warrant a reopening of the original judgment. Since this matter has gone well beyond four months for reopening a judgment under Connecticut Practice Book 325, the question becomes whether or not there was fraud which allow a court to reopen said judgment.
The most recent case concerning fraud is the Billington case. In Billington v. Billington, 220 Conn. 212
(1991), the court addressed all the elements found in matrimonial cases. It was decided in this case that the CT Page 983 previous requirement of the party seeking to set aside the judgment use due diligence be abandoned. It was felt that the remaining elements off fraud were sufficient protection. The the standard reciting the Varley case on page 218 where it said there are four limitations on the granting of relief from a marital judgment secured by fraud:
 1. There must have been no laches or unreasonable delay by the injured party after the fraud was discovered.
 2. There must have been diligence in the original action . . .(this is the requirement done away with in Billington).
 3. There must be clear proof of the perjury or fraud.
 4. There must be a substantial likelihood that the result of the new trial will be different.
It is also clear that this Billington case decides that for there to be fraud on the court in the marital litigation context it is properly confined to the situation where both parties joined to conceal material information from the court (see Billington, supra, pp. 224, 225). So that where, in the motion to reopen judgment, the fraud is alleged as the fraud on the part of one of the parties to the judge, it is insufficient to make the Billington standard. This is reason enough by itself to deny the motion. However, since it is also clear that on a review of the merits of this case under the standards the plaintiff has failed to meet her burden under Billington, the court will discuss this further.
The first element provides that there must have been no laches or unreasonable delay. In this case it is clear that there were laches and unreasonable delay after the judgment was rendered by Judge Geen in August of 1984. The decision was not appealed and stood. In fact, the wife filed a motion for contempt on August 12 of 1985 alleging that the judgment was violated by the actions of the ex-husband. There is no claim in that motion that there was any fraud. Certainly, the same things that were alleged at this time were available to the wife at that time. Judge Harrigan expressly found that the actions of the husband and were not violative of the court order.
Thereafter, the wife in 1987, being motion 124.00, filed a Motion for Modification claiming, inter alia, that there had been significant change in the plaintiff's circumstances unforeseen CT Page 984 at the time of the dissolution. Again an opportunity to the wife to address the problems of the fraud if she believed it existed. Instead she chose the modification route.
The testimony alluded to by the wife that the husband made the time of the trial is susceptible of several interpretations. What does appear to be clear is that he believed the testimony he gave was true and that it was not until after the decision had come down from Judge Geen that he took any affirmative action to change his pay situation in order opportunity avoid Judge Geen's order. Judge Harrigan had the opportunity to rule on that and found that he was not in contempt of court for doing those acts. Therefore, it is clear that there has been no clear proof of fraud.
Further, there must be a substantial likelihood at the result of the new trial would be different. The plaintiff has offered no credible evidence to cause this court to believe that the result would be different if the testimony were different. What is clear is that as soon as the wife found out about potential or actual altered payment schedule she should have come into the court to modify the order of the judge to put into effect what she believed was the intention of Judge Geen.
In a fraud case one must prove the case. The burden of proof is greater than a preponderance of the evidence, but suffice it to say, that the plaintiff has failed to sustain her burden this case by even a preponderance of the evidence. Courts should seek to have settled judgments and only open those cases where the elements of Billington and Varley have been satisfied which is not the instant case.
Accordingly, the motion to reopen judgment dated May 22, 1989, is denied.
EDWARD R. KARAZIN, JR., JUDGE